UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NATHANIEL JOSEPH and KECIA** | * | **CIVIL ACTION** |
| **JOSEPH, LUCINDA MITCHELL** | * | |
| | * | **NO. 11-1276** |
| **versus** | * | |
| | * | **SECTION H/3** |
| **BACH & WASSERMAN, LLC,** | * | |
| **GERALD WASSERMAN,** | * | |
| **ABC INSURANCE COMPANY** | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

**RESPONSE TO MOTION TO RECUSE
AND REQUEST FOR ADDITIONAL SANCTIONS**

**MAY IT PLEASE THE COURT:**

Bach & Wasserman, LLC and Gerald Wasserman (collectively "Wasserman Defendants") submit this Response Memorandum to address the unfounded, defamatory allegations contained in the Motion to Recuse submitted by Plaintiffs Nathaniel Joseph, Kecia Joseph and Lucinda Mitchell (collectively "The Joseph Plaintiffs").

**A.   PRELIMINARY STATEMENT**

The Wasserman Defendants are not taking a position regarding the proposed Motion to Recuse.  The Wasserman Defendants disclosed to the Court and opposing counsel Mr. Wasserman's personal and business relationship with one of the Court's law

Clerks' father.  The Wasserman Defendants defer to this Court's decision regarding recusal and impartiality.

Although they are neutral on the requested recusal, the Wasserman Defendants are submitting this response to address the wholly inappropriate, defamatory and unfounded allegations asserted by the Joseph Plaintiffs and their counsel against the Wasserman Defendants in the Motion to Recuse.  The Wasserman Defendants request this Court strike and disregard the unfounded defamatory allegations contained in Plaintiffs' Motion.  The Wasserman Defendants further request this Court award sanctions in favor of the Wasserman Defendants against the Joseph Plaintiffs and their counsel for all costs and attorneys fees incurred in filing this response.

**B.     The Josephs Have Not Asserted ANY Support for Their Allegations of "Influence and Fraud"**

On Page 2 of Plaintiffs' Motion, the Joseph Plaintiffs claim that "Defendant Wasserman's m.o. is influence and fraud" and that he used fraud and influence to improperly influence State Court Judge Michael G. Bagneris in the prior state proceedings between the parties.  The Josephs further claim that Mr. Wasserman has intentionally committed acts of fraud, theft and concealment.  These are serious allegations that question Mr. Wasserman's professionalism, ethics and integrity.  Yet, after making these outlandish allegations, the Joseph Plaintiffs' *only* support for these claims is the fact that Judge Bagneris dismissed the Joseph Plaintiffs' state court claims with prejudice.  The Joseph Plaintiffs have not set forth any evidence that Mr. Wasserman made any attempts to influence Judge Bagneris or how Mr. Wasserman *might* have attempted to influence the Judge.  Rather, the Joseph Plaintiffs simply

conclude that Judge Bagneris must have been improperly influenced because he issued a dismissal *with prejudice* that should have been issued without prejudice.

The Joseph Plaintiffs allege that Mr. Wasserman's attempt to "influence" is evident in the Defendants' Motions. They claim:

> Further concern regarding Wasserman's habits of trying to exercise influence it (sic) the state court proceeding, **prominent in Defendants' Motions**, which was dismissed with prejudice based on vagueness. (emphasis added).

This allegation is ludicrous. Of course Mr. Wasserman, through counsel, used defense motions to sway Judge Bagneris' opinion and rulings in the case in favor the Defendants.[1] The intent and purpose of a motion is to convince the Court to rule in the filing party's favor.

## C.  Procedural Background Regarding the Dismissal Issued by the State Court Judge[2]

The basis for the Joseph Plaintiffs' Motion to Recuse is the Judgment issued by Judge Bagneris dismissing the Joseph Plaintiffs' state court claims *with prejudice*. Since this Judgment is critical to the Josephs Plaintiffs' allegations, the Wasserman Defendants believe this Court should have a more thorough understanding of the procedural actions leading to the dismissal with prejudice issued by Judge Bagneris.

---

[1] The Wasserman Defendants were represented by undersigned counsel during the State Court proceedings. Therefore, undersigned counsel handled all hearings argued before and pleadings submitted to Judge Bagneris.

[2] The referenced pleadings were filed in the matter entitled *Nathaniel Joseph and Kecia Joseph v. Gerald D. Wasserman*, pending before the Civil District Court for the Parish of Orleans, No. 2004-18239 ("2004 Suit"). The documents referenced in this section were attached as exhibits to the Wasserman Defendants' previously filed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (R. 13). Rather than re-filed these voluminous pleadings, the Wasserman Defendants respectfully refer this Court to the previously filed Motion to Dismiss.

In late 2004, the Mr. and Mrs. Joseph ("the Josephs") initiated a state court lawsuit against the Wasserman Defendants for nearly the exact allegations currently set forth in their RICO Complaint.[3]  Thereafter, on January 7, 2005, Mitchell's Fruit Stand, Inc., Frank Mitchell and Lucinda Mitchell (collectively "the Mitchells") filed a Motion to Intervene, adopting by reference the allegations contained in the Petition in their entirety.[4]  On February 16, 2005, the Josephs and the Mitchells (collectively "Plaintiffs") filed a First Amended or Supplemental Complaint.

Wasserman responded by filing an Exception of Vagueness to the Plaintiffs' Petition and then filed a First Amended Exception of Vagueness to include the Mitchell Plaintiffs' claims in the Exception.[5]  Judge Bagneris conducted a hearing on Wasserman's Exception on June 17, 2005.  After oral argument, the Court granted Wasserman's Exception but afforded the Plaintiffs fifteen days from the hearing to file an Amended Petition to cure the deficiencies contained in the Plaintiffs' petition and amending petitions.  The Court further ordered that it would dismiss the Plaintiffs' Petition and Amended Petition, **with prejudice**, if the Plaintiffs failed to file an Amended Petition within the fifteen day period.[6]

Despite the Court's ruling and warning of dismissal, the Plaintiffs did not file an amended petition within the fifteen day period provided by the Court.  Rather, on August

---

[3] *See* CDC Petition, attached as Exhibit A to the Motion to Dismiss.

[4] *See* Petition for Intervention, attached as Exhibit B to the Motion to Dismiss.

[5] *See* CDC First Amended Complaint, attached as Exhibit C to the Motion to Dismiss.

[6] *See* CDC Exception Judgment, attached as Exhibit D to the Motion to Dismiss.

19, 2005, over six weeks after the deadline, the Plaintiffs filed a Motion to File a Second Amended and/or Supplemental Complaint.[7]

Wasserman filed a Motion to Dismiss the Plaintiffs' claims on November 4, 2005, based upon the Plaintiffs' failure to amend within the time period set forth Judge Bagneris. Thereafter, the Plaintiffs filed a Memorandum in Support of Petitioners Motion and Order for Leave to File Second Amended/Supplemental Action and Motion to Appoint Petitioners Counsel on February 13, 2006.[8] On April 21, 2006, Judge Bagneris held a hearing on the Plaintiffs' Motion to File Second Amended and/or Supplemental Complaint and Defendant's Motion to Dismiss. The Court denied Plaintiffs' Motion and granted Wasserman's Motion to Dismiss, thereby dismissing all claims against Wasserman, with prejudice.[9] The Joseph Plaintiffs filed a Notice of Appeal on March 7, 2007, but did not pursue the appeal.[10]

Given the history leading to the dismissal with prejudice, it is disingenuous of the Joseph Plaintiffs to represent to this Court that the dismissal was a result of a simple exception of vagueness. Rather, Judge Bagneris dismissed the claims with prejudice after affording the Plaintiffs ample time to supplement and clarify their claims. The Plaintiffs chose not to file an amended petition within the time period provided, thereby resulting in a dismissal with prejudice.

---

[7] *See* CDC Motion and Order to File Petitioners' Second Amended and/or Supplemental Complaint and Motion to Appoint Petitioners' Counsel, attached as Exhibit E to the Motion to Dismiss.

[8] *See* CDC Memorandum in Support of Motion, Order for Leave and proposed amended pleading, attached as Exhibit F to the Motion to Dismiss.

[9] *See* CDC April 21, 2006 Judgment, attached as Exhibit G to the Motion to Dismiss.

[10] *See* Notice of Appeal, attached as Exhibit H to the Motion to Dismiss.

**D.    The Josephs Reference Inadmissible Documents**

The Josephs' Motion contains an introduction section setting forth alleged factual and legal conclusions against the Wasserman Defendants, including claims that Mr. Wasserman stole their money, filed fraudulent and illegal HUD documents and produced fraudulent real estate documents.[11]  The Joseph Plaintiffs refer this Court to Plaintiffs' Opposition to Defendants' Motion to Dismiss or, In the Alternative, Motion for Summary Judgment and the attached Exhibits, but do not identify any specific support or exhibits. *See* Motion to Recuse, p. 2.

The Wasserman Defendants have specifically objected to the majority of the proposed exhibits submitted by the Josephs in their opposition as inadmissible because they are unauthenticated and riddled with hearsay.  The Wasserman Defendants' grounds for these objections are fully set forth in the previously filed Reply Memorandum in Support of Motion to Dismiss.  (R. 27).   The Wasserman Defendants do not want to overcomplicate this Response by restating those objections.  Instead, the Wasserman Defendants ask this Court to refer to the objections previously filed with this Court if this Court considers the allegations set forth by the Joseph Plaintiffs.

**E.    The Josephs' Latest Actions Further Support the Wasserman Defendants' Previously Filed Motion for Rule 11 Sanctions**

The Wasserman Defendants filed a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against both the Joseph Plaintiffs and their counsel, John-Michael Lawrence, for the allegations contained in their RICO Petition and subsequent allegations contained in their Opposition to Motion to Dismiss. (R. 20).  The

---

[11]    Mr. Wasserman unequivocally denies these allegations.

6

conduct of the Joseph Plaintiffs and their counsel in connection with the Motion to Recuse further supports the Wasserman Defendants' request for Rule 11 sanctions. The Joseph Plaintiffs and their counsel have callously and wantonly made unfounded allegations that the Wasserman Defendants committed fraud and improperly influenced a state court judge. They further aver that Mr. Wasserman will attempt to influence this Court through the Judge's law clerk. The Josephs have not submitted *any* evidence to support these allegations. Yet, despite lacking one iota of evidence, they have sought to impugn Mr. Wasserman's credibility with this Court and his professional reputation.

The Joseph Plaintiffs attempt to camouflage the lack of evidence by claiming these allegations are based upon "information and belief." Parties should not, however, be allowed to make allegations of ethical and criminal misconduct without having something more substantial than "information and belief" to support their claims.

## CONCLUSION

The Wasserman Defendants object to the defamatory and unfounded allegations asserted by the Joseph Plaintiffs and their counsel in the Motion to Recuse. The Wasserman Defendants request this Court strike and disregard these allegations. The Wasserman Defendants further request this Court issue sanctions in their favor against the Joseph Plaintiffs and their counsel for the costs and attorneys fees incurred in filing this response memorandum.

          **Respectfully submitted,**

          *s/ Beverly A. DeLaune*

          _____
          **WILLIAM E. WRIGHT, JR. (#8564)**
          **wwright@dkslaw.com**
          **BEVERLY A. DELAUNE (#26781)**
          **bdelaune@dkslaw.com**
          **DEUTSCH, KERRIGAN & STILES, L.L.P.**
          755 Magazine Street
          New Orleans, Louisiana 70130
          Telephone: (504) 581-5141
          Facsimile: (504) 566-1201
          *Counsel for Defendants,* **Bach & Wasserman, LLC**
            *and* **Gerald D. Wasserman**

### CERTIFICATE OF SERVICE

      I hereby certify that on November 29, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF System. Notice of this filing will be sent to all counsel of record by operation of the Court's Electronic Filing System.

          *s/ Beverly A. DeLaune*

          _____
          **BEVERLY A. DELAUNE (#26781)**